IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHANCELLOR WADE,

      Petitioner,                    No. CIV S-08-0456 MCE GGH P

   vs.

M.C. KRAMER, Warden,              <u>ORDER AND</u>

      Respondent.            <u>FINDINGS & RECOMMENDATIONS</u>

_____/

       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus. On September 4, 2008, petitioner filed an application to proceed in forma pauperis.

       Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

       On July 29, 2008, the court recommended that this action be dismissed for petitioner's failure to comply with the order filed April 25, 2008, directing him to file a petition that complies with the requirements of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rules of Practice within thirty days. On August 12, 2008, petitioner filed objections. On August 19, 2008, petitioner filed his petition and a motion to stay this action pending exhaustion of additional claims in state court.

1

Good cause appearing, the July 29, 2008, findings and recommendations are vacated. The court recommends that this action be administratively stayed pending petitioner's exhaustion of additional claims.

The petition contains the following claims: 1) improper denial of Batson/Wheeler motion; 2) violation of Cunningham v. California, 127 S.Ct. 856 (2007); 3) jury instruction error and ineffective assistance of appellate counsel. Only the Batson/Wheeler claim is exhausted.

On May 23, 2007, the California Supreme Court denied petitioner's petition for review. See exhibits attached to petition. For purposes of the statute of limitations set forth in 28 U.S.C. § 2244, petitioner's conviction became final 90 days later on August 21, 2007. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999)(the period of direct review in 28 U.S.C. § 2244(d)(1)(A) includes the 90 period within which a petitioner can file a petition for writ of certiorari with the United States Supreme Court). Petitioner had one year from that date to file a timely federal petition. The instant petition, filed August 19, 2008, is timely.

District courts have the authority to stay a mixed habeas petition and hold it in abeyance pending the exhaustion of the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 278 (2005). The discretion is not unfettered, but, as the Supreme Court has stated, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Additionally, the Supreme Court has recommended that "[a] prisoner seeking state postconviction relief might avoid [having a court find the petition time-barred] by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)(citing Rhines, 544 U.S. at 276).

In the instant case, petitioner has filed a protective petition. Because petitioner's unexhausted claims do not appear to be unmeritorious and there is no indication that petitioner

has engaged in intentionally dilatory tactics, the court recommends that the motion to stay be granted.

        Accordingly, IT IS HEREBY ORDERED that:

        1. Petitioner's September 4, 2008, application to proceed in forma pauperis is granted;

        2. The July 29, 2008, findings and recommendations are vacated;

        IT IS HEREBY RECOMMENDED that petitioner's August 20, 2008, motion to stay (# 6) be granted; this action be administratively stayed pending petitioner's exhaustion of additional claims; petitioner be required to advise the court within thirty days of completion of exhaustion.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/28/08

        /s/ Gregory G. Hollows

        UNITED STATES MAGISTRATE JUDGE

wade456.vac